MR. JUSTICE SHEEHY,
concurring:
The essential issue in this case is whether the District Court should have permitted an amendment to the pleadings under Rule 50(a), M.R.Civ.P.
*296 My concurrence turns essentially on the point that allowance of the amendment would have made a completely different lawsuit as it affected D.A. Davidson, and that therefore the doctrine of relation back under Rule 15 should not apply.
If the amendment had been permitted the first problem which the District Court would have to determine is whether a fiduciary relationship existed between D.A. Davidson and the church. A fiduciary relationship is not automatically established in a stockbroker-client relationship as the court in Paine, Webber, Jackson, and Curtis, Inc. v. Adams (Colo. 1986), 718 P.2d 508, 515, pointed out. Whether a stockbroker is a fiduciary to its customer depends on the attendant facts and circumstances. Thus discovery in this case would have to begin all over related to different issues of fact just on the point of whether the stockbroker in this case was a fiduciary of the church. Then, if the relationship was established in the eyes of the law, it would make no difference that Dover himself was cheating the church. The obligation of the fiduciary would run directly to the church. Thus, if the amendment had been allowed, the prejudice to D.A. Davidson is evident in that a completely different kind of lawsuit would have resulted.
In like manner, I think equitable estoppel is not available in this case. In Kenneco v. Cantrell (1977), 174 Mont. 130, 568 P.2d 1225, we approved the use of equitable estoppel to set aside a statute of limitations so as to prevent hardship. The elements of equitable estoppel set out in that case do not apply here because the question is not the same. Equitable estoppel was used to set aside an applicable statute of limitations. In the case at bar, the question is simply whether the amendments should have been allowed by the District Court. If the court had allowed the amendment, there would be no question of statute of limitations because the amendment would bring the case within the statute.
I therefore concur in the opinion.
MR. JUSTICE HUNT concurs in the foregoing special concurrence of MR. JUSTICE SHEEHY.